AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

| SOUTHERN | DISTRICT OF | NEW YORK |

GUALBERTO MALDONADO, Individually, and on
Behalf of All Other Persons Similarly Situated,

**SUMMONS IN A CIVIL CASE**

Plaintiffs,

JUDGE LYNCH

V.

CASE NUMBER:

AQUATIC RECREATIONAL MANAGEMENT,
INC., JOEL WHITE, and JOHN DOES 1-10,
Jointly and Severally,

## 06 CV 6664

Defendants.

TO: (Name and address of defendant)

AQUATIC RECREATIONAL MANAGEMENT, INC., 341 West 87th Street, New York,
N.Y. 10024
JOEL WHITE, 341 West 87th Street, New York, N.Y. 10024

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

William C. Rand, Esq., Law Office of William Coudert Rand, 711 Third Avenue, Suite
1505, New York, N.Y. 10017

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period
of time after service.

J. MICHAEL McMAHON

SEP X 1 2006

_____
CLERK

_____
DATE

_____
(BY) DEPUTY CLERK

William C. Rand, Esq. (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York 10017
(Phone) (212) 286-1425; (Fax)(212) 599-7909
Co-counsel
Jeffrey M. Gottlieb, Esq. (JG-7905)
Berger & Gottlieb
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212) 228-9795
Attorneys for Plaintiffs



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

GUALBERTO MALDONADO, Individually,
and on Behalf of                                    : ECF
All Other Persons Similarly Situated,               : 2006 Civ. _____
                                                    :
                            Plaintiffs,             : **CLASS AND**
                                                    : **COLLECTIVE ACTION**
            -against-                               : **COMPLAINT**
                                                    :
AQUATIC RECREATIONAL MANAGEMENT, INC.,              : **Demand for Jury Trial**
JOEL WHITE, and JOHN DOES # 1-10,                   :
 Jointly and Severally                              :
                                                    :
                            Defendants.             :
-------------------------------------------------------------------x

Plaintiff, through his attorneys, complaining of Defendants, allege as follows:

## NATURE OF THE ACTION

1.      Plaintiff alleges, on behalf of himself and other similarly situated current and

former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from

Defendants for work performed for which they received no compensation at all as well as for

overtime work for which they did not receive overtime premium pay, as required by law, and (ii)

entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq.

2.      Plaintiff further complains on behalf of himself and other similarly situated current and former employees of the Defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to back wages from Defendants for worked performed for which they received no compensation at all as well as for overtime work for which they did not receive overtime premium pay, as required by New York Labor Law §§ 650 *et seq.,* including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. §§ 1331, 1337 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, this Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendants reside in this district and a substantial part of the events or omissions giving rise to the claims occurred in this District.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.      Plaintiff resides in Bronx County, New York.

7.      Upon information and belief, defendant AQUATIC RECREATIONAL MANAGEMENT, INC., (the "Corporate Defendant") is a domestic corporation organized and existing under the laws of the State of New York and conducting business at 341 West 87th

Street, New York, N.Y. 10024.

8.      Upon information and belief, JOEL WHITE was an officer, director and/or managing agent of the CORPORATE DEFENDANT, who participated in the day-to-day operations of the CORPORATE DEFENDANT and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and is jointly and severally liable with the CORPORATE DEFENDANT.

9.      Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the CORPORATE DEFENDANT, whose identities are unknown at this time and who participated in the day-to-day operations of the CORPORATE DEFENDANT and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the CORPORATE DEFENDANT.

## COLLECTIVE ACTION ALLEGATIONS

10.     Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since September 1, 2003 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid for hours that they worked and did receive compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

11.     This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are over 40 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

12.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

13.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

14.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

(a)     whether the Defendants employed the Collective Action Members within the meaning of the FSLA;

(b)     what proof of hours worked is sufficient where the employer fails in its duty to maintain records;

(c)     whether Defendants failed to pay the Collective Action Members for hours which they worked and received no compensation as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FSLA and the regulations promulgated thereunder;

(d)     whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

(e)     whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

(f)     whether Defendants should be enjoined from such violations of the FLSA in the future.

15.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ACTION ALLEGATIONS

16.     Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

17.     Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendants at any time since September 1, 2000, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid for hours actually worked as well as overtime wages in violation of the New York Labor Law (the "Class").

18.    The persons in the Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are based, are presently within the sole control of the Defendants, upon information and belief, there are approximately 40 members of the Class during the Class Period.

19.    The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

20.    Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

21.    Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

22.    Plaintiff has the same interests in this matter as all other members of the Class, and Plaintiff's claims are typical of the class.

23.    There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

(a)  whether Defendants employed the members of the Class within the meaning of the New York Labor Law;

(b)  what proof of hours worked is sufficient where the employer fails in its duty to maintain records;

(c) whether Defendants failed/and or refused to pay the members of the Class any compensation for hours actually worked as well as overtime compensation for hours worked in excess of forty hours per workweek and/or more than ten hours per day within the meaning of the New York Labor Law;

(d) whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

(e) whether Defendants should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF THE FACTS

24.     Plaintiff was a pool technician and lifeguard employed by Defendants from on or about January 2003 until August 11, 2006 except for about three months when he worked as a lifeguard supervisor during about June, July, and August 2004 (the "time period").

25.     Plaintiff's work as a pool technician and lifeguard was full year work and was not seasonal in nature and was generally performed for private pools located in condominium buildings in Manhattan.

26.     Defendant's policy during the time period was not to pay its lifeguard employees time and one half their hourly wage for hours worked over 40 in a workweek.

27.     Defendant's policy during the time period was not to pay its pool technician employees time and one half their hourly wage for hours worked over 40 in a workweek.

28.     Plaintiff during most weeks during the time period worked more than 40 hours per week and/or more than ten hours per day.

29.     Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

30.     The work performed by Plaintiff required little skill and no capital investment. Plaintiff's duties did not include managerial responsibilities or the exercise of independent judgment.

31.     Plaintiff often worked in excess of 40 hours a week and/or ten hours per day, yet the Defendant willfully failed to pay Plaintiff any compensation for all of the hours worked by him as well as overtime compensation of one and one-half times his regular hourly rate, and for an extra hour in each day worked over ten hours, in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

32.     Throughout the time period and, upon information belief, both before the time period (throughout the Class Period) and continuing until today, Defendants have likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

33.     Such individuals have worked in excess of 40 hours a week and/or ten hours per day, yet the Defendants has likewise willfully failed to pay them any compensation for all of the hours worked by them as well as overtime compensation of one and one-half times their regular hourly rate, and for an extra hour in each day worked over ten hours, in violation of the FLSA and the New York Labor Law.

34.     As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendant and can be ascertained through appropriate discovery.

35.     Upon information and belief, throughout all relevant time periods, and during the course of Plaintiff's own employment, the course of the Class Period and the course of the Collective Action Period, the Defendants failed to maintain accurate and sufficient time records.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

36.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

37.     At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38.     At all relevant times, Defendants employed and/or continue to employ Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

39.     Upon information and belief, at all relevant times, Defendants have had gross annual revenues in excess of $500,000.

40.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).  Plaintiff's written consent is attached hereto and incorporated by reference.

41.     At all relevant times, Defendants had a policy and practice of refusing to pay for all hours worked as well as overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

42.     As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action members, for all hours worked by them as well as

for overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated and continue to violate, the FSLA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

43.     As a result of Defendants' failure to record, report, credit, and/or compensate its employees, including Plaintiff and the Collective Action members, upon information and belief Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FSLA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

44.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

45.     Due to Defendants' FLSA violations, Plaintiff and the Collective Action members are entitled to recover from Defendants, their unpaid wages, their unpaid overtime compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW

46.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

47.     At all relevant times, Plaintiff and the members of the Class were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

48.     Defendants willfully violated Plaintiff's rights and the rights of the members of the Class, by failing to pay them any compensation for all of the hours worked by them as well as overtime compensation at rates not less than one and one-half times the regular rate of pay for

each hour worked in excess of forty hours in a workweek, and an additional hour of pay for each hour worked in excess of ten hours in one day, in violation of the New York Labor Law and its regulations including the "spread of hours" regulation, 12 NYCRR § 142-2.18.

49.    Defendants' New York Labor Law violations have caused Plaintiff and the members of the Class, irreparable harm for which there is no adequate remedy at law.

50.    Due to Defendants' New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid wages, unpaid overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of the action and liquidated damages, pursuant to New York Labor Law § 663(1).

### THIRD CLAIM FOR RELIEF
### (New York Labor Law - Discrimination and Retaliation)

51.    Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

52.    By terminating Plaintiff, Defendants violated New York Labor Law § 215,

53.    New York Labor Law § 215 states:

§ 215. Penalties and civil action; employer who penalizes employees because of complaints of employer violations

1. No employer or his agent, or the officer or agent of any corporation, shall discharge, penalize, or in any other manner discriminate against any employee because such employee has made a complaint to his employer, or to the commissioner or his authorized representative, that the employer has violated any provision of this chapter, or because such employee has caused to be instituted a proceeding under or related to this chapter, or because such employee has testified or is about to testify in an investigation or proceeding under this chapter. If after investigation the commissioner finds that an employer has violated any provision of this section, the commissioner may, by an order which shall describe particularly the nature of the violation, assess the employer a civil penalty of not less than two hundred nor more than two

thousand dollars. Notwithstanding the provisions of section two hundred thirteen of this chapter, the penalties set forth in this section shall be the exclusive remedies available for violations of this section.

2. An employee may bring a civil action in a court of competent jurisdiction against any employer or persons alleged to have violated the provisions of this section. The court shall have jurisdiction to restrain violations of this section, within two years after such violation, and to order all appropriate relief, including rehiring or reinstatement of the employee to his former position with restoration of seniority, payment of lost compensation, damages, and reasonable attorneys' fees. At or before the commencement of any action under this section, notice thereof shall be served upon the attorney general by the employee.

54.     Prior to the commencement of this claim, on September 1, 2006, Plaintiff served a copy of this Complaint upon the Attorney General of New York State.

55.     Due to Defendants' illegal termination of Plaintiff, Plaintiff seeks and is entitled to recover from Defendants his unpaid wages, unpaid overtime compensation, damages for unreasonably delayed payment of wages, back pay, front pay, rehiring and/or reinstatement to his former position, and reasonable attorneys' fees, costs and disbursements of the action, and liquidated damages, pursuant to New York Labor Law § 663(1).

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff on behalf of himself and all other similarly situated Collective and Class Action members, respectfully request that this Court grant the following relief:

(a)     Certification of this action as a class action pursuant to Fed R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and Plaintiff's counsel to represent the Class;

(b)     Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FSLA Opt-In-Class, apprising them of the pendency of this action

and permitting them to assert timely FLSA claims in this action by filing individual

Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and Plaintiff's

counsel to represent the Collective Action Members.

(c)     A declaratory judgment that the practices complained of herein are unlawful

under the FLSA and the New York Labor Law;

(d)     An injunction against the Defendants and their officers, agents, successors,

employees, representatives and any and all persons acting in concert with them, as

provided by law, from engaging in each of the unlawful practices, policies and patterns

set forth herein;

(e)     An order stating that Plaintiff must be reinstated and rehired into his prior

position,

(f)     An award of unpaid wages and unpaid overtime compensation due under the

FLSA and the New York Labor Law;

(g)     An award of lost compensation resulting from Plaintiff's illegal termination;

(h)     An award of liquidated and/or punitive damages as a result of the Defendants'

willful failure to pay wages and overtime compensation and illegal termination of

Plaintiff pursuant to 29 U.S.C. § 216 and New York Labor Law § 663(1);

(i)     An award of prejudgment and post judgment interest;

(j)     An award of costs and expenses of this action together with reasonable attorneys'

and expert fees; and

(k)     Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
       September 1, 2006

                                     LAW OFFICE OF WILLIAM COUDERT RAND

                                     S/William C. Rand

                                     William Coudert Rand, Esq. (WR-7685)
                                     Attorney for Plaintiff, Individually,
                                     and on Behalf of All Other Persons Similarly Situated

                                     711 Third Avenue, Suite 1505
                                     New York, New York 10017
                                     Tel: (212) 286-1425

                                     Co-counsel
                                     Berger & Gottlieb
                                     Jeffrey M. Gottlieb, Esq. (JG-7905)
                                     150 East 18th Street, Suite PHR
                                     New York, New York 10003
                                     Tel: (212) 228-9795

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of *Aquatic + Recreational Mgt. Inc. + others* to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


*Lyxander Colon*          7/5/06    LYxander  Colon
Signature                 Date      Print Name